UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: METHOD OF PROCESSING ) <br> ETHANOL BYPRODUCTS AND ) <br> RELATED SUBSYSTEMS ('858) ) <br> PATENT LITIGATION ) <br> ) <br> RELATED CASES: ) <br> 1:10-cv-00180-LJM-DML ) <br> 1:10-cv-08000-LJM-DML ) <br> 1:10-cv-08001-LJM-DML ) <br> 1:10-cv-08002-LJM-DML ) <br> 1:10-cv-08003-LJM-DML ) <br> 1:10-cv-08004-LJM-DML ) <br> 1:10-cv-08005-LJM-DML ) <br> 1:10-cv-08006-LJM-DML ) <br> 1:10-cv-08007-LJM-DML ) <br> 1:10-cv-08008-LJM-DML ) <br> 1:10-cv-08009-LJM-DML ) <br> 1:10-cv-08010-LJM-DML ) <br> 1:13-cv-08012-LJM-DML ) <br> 1:13-cv-08013-LJM-DML ) <br> 1:13-cv-08014-LJM-DML ) <br> 1:13-cv-08015-LJM-DML ) <br> 1:13-cv-08016-LJM-DML ) <br> 1:13-cv-08017-LJM-DML ) <br> 1:13-cv-08018-LJM-DML ) <br> 1:14-cv-08019-LJM-DML ) <br> 1:14-cv-08020-LJM-DML ) | No. 1:10-ml-02181-RLM-DML |

OPINION AND ORDER

In this Multi-District Litigation docket, the defendants[1] filed a Joint Motion for an Order Declaring This Case Exceptional, for Defendant's Attorney's Fees,

---

[1] The defendants in this case are: ACE Ethanol, LLC; GEA Mechanical Equipment US, Inc.; Al-Corn Clean Fuel, LLC; Blue Flint Ethanol, LLC; Big River Resources – Galva LLC; Big River Resources – West Burlington, LLC; Cardinal Ethanol LLC; Flottweg Separation Technology, Inc.; Guardian Energy, LLC; ICM, Inc.; Lincolnway Energy, LLC; LincolnLand Agri-Energy, LLC; Little Sioux Corn Processors, LLP; Homeland Energy Solutions, LLC; Pacific Ethanol Magic Valley, LLC; Southwest Iowa Renewable Energy, LLC; David Vander Griend; Western New York Energy, LLC; Bushmills Ethanol, Inc.; Chippewa Valley Ethanol Company, LLC; Heartland Corn Products,

Expenses, Expert Fees and Costs, or in the Alternative for an Extension of Time to File the Aforesaid Motion [Master Doc. No. 1659]. Plaintiff GS CleanTech Corporation responded to the defendants' motion [Master Doc. No. 1860] and the defendants replied to CleanTech's response [Master Doc. No. 1882]. The court denied CleanTech's motion to file a surreply [Master Doc. No. 1899], so the motion is ripe for consideration.

I. Background

The defendants and CleanTech were, or still are, engaged in the processing of corn to produce ethanol. CleanTech had originally alleged that certain ethanol production processes used by the defendants fell under CleanTech's patent family. The ensuing litigation culminated in a determination that there was no genuine issue of material fact with respect to CleanTech's patent infringement claims. At the summary judgment stage, the court found in favor of the defendants on all claims except inequitable conduct, which went to trial, where it was determined that CleanTech's remaining patent family claims were unenforceable due to inequitable conduct. Together, the summary judgment and trial opinions determined that CleanTech's business dealings amounted to an offer for sale that resulted in the invalidation of the various patents held by CleanTech. The court denied CleanTech's Fed R. Civ. P. 59(e) motion to alter or amend the judgment, as well as CleanTech's motion for reconsideration.

---

LLC; United Wisconsin Grain Producers; Aemetis, Inc.; Aemetis Advanced Fuels Keyes, Inc.; Pacific Ethanol, Inc.; Pacific Ethanol Stockton, LLC; and Iroquois BioEnergy, Co. LLC

The defendants have now filed this exceptional case motion. The findings in the summary judgment and trial opinions are binding and instructive in properly weighing the defendant's motion.

## II.    Discussion

The prevailing party in a patent suit may move for an award of reasonable fees associated with the cost of litigation. For a court to award these fees, it must determine that the case is "exceptional." 35 U.S.C. § 285 (a "court in exceptional cases may award reasonable attorney fees to the prevailing party.") Section 285 serves as the primary deterrent from the bringing of frivolous patent infringement suits or the unfounded defense of legitimate ones. Automated Bus. Cos. V. NEC Am., Inc., 202 F.3d 1353, 1355 (Fed. Cir. 2000). The purpose of § 285 is to compensate the prevailing party for expenditures during "the prosecution or defense of the suit." Automated Bus. Cos. V. NEC Am., Inc., 202 F.3d at 1355.

Courts deciding whether a case is "exceptional" under § 285 should consider a nonexclusive list of possible factors that, in total, rise to the level of "exceptional." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1756, 1756 n.6 (2014) (these factors include, but are not limited to "frivolousness, motivation, objective unreasonableness […] and the need in particular circumstances to advance considerations of compensation and deterrence."). Conduct doesn't have to be sanctionable for it to be justification

for an "exceptional case" finding. Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. at 1757.

A finding of inequitable conduct "often makes a case exceptional." Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1286, 1289 (Fed. Cir. 2011); see also Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp., 267 F.3d 1370 (Fed. Cir. 2001) (finding an exceptional case when plaintiff-appellant committed inequitable conduct by not investigating an on-sale bar prohibition after being alerted to it). Although "there is no per se rule of exceptionality in cases involving inequitable conduct," a finding of inequitable conduct is instructive in determining exceptionality. Nilssen v. Osram Sylvania, Inc., 528 F.3d 1352, 1358 (Fed. Cir. 2008); Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d at 1288-1289. Some courts have found exceptionality but declined to award fees in cases involving inequitable conduct, but cases of that sort have become extremely rare since the Federal Circuit Court of Appeals raised the requirements for finding inequitable conduct.[2] Considering this court's previous findings of inequitable conduct, the defendants offer a compelling argument for exceptionality. Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d at 1289. Further, this court doesn't find persuasive CleanTech's contention that, for the defendants to

---

[2] The Federal Circuit in Therasense, Inc. v. Becton, Dickinson & Co. considerably raised the requirements for finding inequitable conduct in 2011. Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1286, 1289 (Fed. Cir. 2011) (holding that to sufficiently allege inequitable conduct, "specific intent" to deceive must be shown and "but-for" materiality must be shown through "clear and convincing evidence.") The court acknowledged that it had, in the past, "espoused low standards for meeting the intention requirement [of finding equitable conduct], finding it satisfied based on gross negligence or even negligence" which resulted in "allegations of inequitable conduct [being] routinely brought on the slenderest grounds." Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d at 1287-1289.

prevail, it must find that it would be "grossly unjust" to have parties bear their own fees. J.P. Stevens Co. v. Lex Tex Ltd, 822 F.2d 1047, 1052 (Fed. Cir. 1987). The "grossly unjust" variable is not part of the exceptionality standard.

Bolstering the defendants' argument are their allegations surrounding CleanTech's questionable litigation conduct. Litigation misconduct, typically "unethical or unprofessional conduct by a party or his attorneys," may "make a case exceptional." MarcTec, LLC v. Johnson & Johnson, 664 F.3d 907, 9191 (Fed. Cir. 2012; See also Homeland Housewares, LLC v. Sorensen Research & Dev. Trust, 581 Fed. Appx. 877, 879 (Fed. Cir. 2014). This court has previously found that witnesses for the plaintiff had offered testimony of questionable veracity.[3] The defendants also allege other forms of misconduct, including CleanTech's attempts to coerce false testimony from a material witness as well as taking an aggressive litigation posture meant to stall resolution on a number of issues.[4] Without considering the merits of each of CleanTech's various litigation tactics, the court has made previous findings adequate to sustain a determination that the case is exceptional under 35 U.S.C. § 285. Consequently, the defendants are entitled to certain fee awards.

---

[3] Defendant's Memorandum in Support of the Joint Motion for an Order Declaring this Case Exceptional Under 35 U.S.C. § 285 and for Attorneys Fees, Expenses, Expert Fees, And Pre-Judgment Interest [Master Doc. 1793] at 21-33, nn. 13-16; Corrected Memorandum Opinion and Order After Bench Trial [Master Doc. 1653] at 7, 29, 31, 60, 63-64, 74-76; CleanTech's Brief in Opposition to Defendants' Request for an Exceptional Case Declaration Under 35 U.S.C. § 285 [Master Doc. 1860] at 33.

[4] Corrected Memorandum Opinion and Order After Bench Trial [Master Doc. 1653] at 36, 73; CleanTech's Brief in Opposition to Defendants' Request for an Exceptional Case Declaration Under 35 U.S.C. § 285 [Master Doc. 1860] at 30, 33.

CleanTech argues at length that its actions didn't constitute inequitable conduct, that they didn't provide false testimony to the court, and that their litigation tactics were non-frivolous. This court is bound by its own previous findings and holdings. Agostini v. Felton, 521 U.S. 203, 236 (1997) ("a court should not reopen issues decided in earlier stages of the same litigation."). "The unreversed decision on a question of law or fact made during litigation settles that question for all subsequent stages of the suit." Barrett v. Baylor, 457 F.2d 119, 123 (7th Cir. 1989). In considering CleanTech's arguments, the court must consider the "maximum force" that the law of the case doctrine impresses. Teague v. Mayo, 553 F.3d 1068, 1073 (7th Cir. 2009). CleanTech's arguments appear to be aimed at creating a post-judgment, and therefore untimely, record for appeal. See Max Sound Corp. v. Google, Inc., 2017 U.S. Dist. LEXIS 168541, at *21 (N.D. Cal. Oct. 11, 2017); see also Nilssen v. Osram Sylvania, Inc., 528 F.3d 1352, 1358 (Fed. Cir. 2008). CleanTech cannot now attempt to relitigate significant portions of their case.

In consideration of the court's previous holdings, defendants have adequately shown that this case is exceptional under 35 U.S.C. § 285, and is appropriate for certain fee awards.

In light of the volume of time records and the various objections to the fee and costs petitions, the court believes it would be most expeditious to appoint of a master to recommend rulings on those petitions. Such a process would be more hospitable for the parties if the master is a person with whom all parties are comfortable, so the court will allow a period of time within which counsel

may try for agreement on the identity of a special master. If the parties are unable to agree, the court will appoint a master on its own.

Ruling on each defendant's bill of costs will follow this order. Accordingly, the court GRANTS defendant's motion for an order declaring this case exceptional under 35 U.S.C. § 285. The court affords the parties to and including January 15, 2019 within which to agree on a person to serve as special master to recommend resolution of the motions for fees and costs. If the parties are unable to agree, the court will appoint the special master.

SO ORDERED.

ENTERED:  December 18, 2018

/s/ Robert L. Miller, Jr.
Judge, United States District Court

Distribution:
All electronically registered counsel of record via CM/ECF.